IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LESLIE ROBINSON,
    Plaintiff,

vs.                                      Case No.:  3:07cv435/MCR/EMT

AMERICAN LEGION POST 193, et al.,
    Defendants.
_____/

## ORDER

       This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 1).  The filing fee has been paid.  Upon review of Plaintiff's complaint, the court concludes that it is unclear whether a jurisdictional basis exists for this action.  Therefore, Plaintiff will be required to clarify his allegations in an amended complaint.

       The court liberally construes Plaintiff's complaint as naming five Defendants in this action: American Legion Post 193 (Post 193); the Chief of Police of the Pensacola Police Department (PPD); Officer Johnson, a K-9 officer; Joe Holmes, Commander of Post 193; and the cook/ assistant manager of Post 193 (Doc. 1 at 1, 2).  Plaintiff alleges he is a member in good standing of Post 193 (*id*. at 3).  He states he told the "manager on duty," presumably the cook/assistant manager, that the size of the crowd in the Post 193 establishment posed a safety threat (*id*.).  The manager responded that he ran things the way he wanted to (*id*.).  Plaintiff told the manager that he believed he was violating the law (*id*.).  The manager responded, "Who give [sic] a s\*\*\*?  The police have a man I pay . . . to make sure I do what I want. . . . If the police don't [sic] care, why do you?" (*id*.).

       Plaintiff then told Officer Johnson, who was standing at the door, that the building was overcrowded (*id*.).  Officer Johnson reported Plaintiff's comment to the manager, and the manager told Officer Johnson to "come get the guy that told him [Johnson] that" (*id*.).  Officer Johnson then

called Plaintiff out of the establishment and informed him that he was banned from returning (*id*.). When Plaintiff asked why, Officer Johnson stated he did not like Plaintiff, and Plaintiff had no right to be in the establishment (*id*.). Plaintiff claims that Defendants violated his constitutional right to freedom of speech (*id*. at 4).[1] Plaintiff does not identify the nature of the relief he seeks (*id*.).

Initially, Plaintiff must clarify who he wishes to name as Defendants. In the style of the case, Plaintiff lists the American Legion Post 193 and Chief of Police of the Pensacola Police Department as the only Defendants, but in the "Defendants" section of the complaint form, he names Officer Johnson, Post 193 Commander Joe Holmes, and "the cook" (Doc. 1 at 1, 2). In Plaintiff's amended complaint, he must clarify who he seeks to sue in this action by listing them in the style of the case and repeating them in the "Defendants" section.

Additionally, it does not appear that subject matter jurisdiction exists as to his claims against Post 193, Joe Holmes, or the cook. Subject-matter jurisdiction in federal court may be found under either 28 U.S.C. § 1331, federal question, or 28 U.S.C. § 1332, diversity. For federal question jurisdiction, Plaintiff must allege a violation of his constitutional rights or a right created under a federal law. 28 U.S.C. § 1331. For diversity jurisdiction, Plaintiff must allege that he and Defendants are citizens of different states and that the matter in controversy exceeds $75,000.00. 28 U.S.C. § 1332. In the instant case, Plaintiff is proceeding under federal question jurisdiction pursuant to 42 U.S.C. § 1983.

A federal court must dismiss a case whenever it appears the court lacks subject matter jurisdiction. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999) (citations omitted); Tylon v. Kloak, 98 Fed. Appx. 511, 2004 WL 729173, at **1 (7th Cir. 2004). The absence of jurisdiction may be raised at any time during the case, and may be based on the court's review of the evidence. Lovern, 190 F.3d at 653 (citations omitted). Addressing jurisdictional issues at the outset of the litigation is often the most efficient procedure. *Id.* (citations omitted). A district court may address its lack of subject matter jurisdiction in two ways: the court may find insufficient allegations in the pleading, viewing the alleged facts in the light most favorable to Plaintiff, similar to an evaluation

---

[1]Although Plaintiff cites the Sixth Amendment as the source of this right, the First Amendment is the correct reference.

Case No: 3:07cv435/MCR/EMT

pursuant to Rule 12(b)(6), or, after an evidentiary hearing, the court may weigh the evidence in determining whether the facts support the jurisdictional allegations.  *Id.* (citations omitted).  The burden is on the party asserting jurisdiction to demonstrate that jurisdiction in fact exists.  *Id.* at 654 (citing Thomas v. Gaskill, 315 U.S. 442, 446, 62 S. Ct. 673, 86 L. Ed. 2d 951 (1942)).

The mere assertion of a federal claim is not sufficient to obtain jurisdiction under 28 U.S.C. § 1331.  "Federal jurisdiction requires that a party assert a substantial federal claim.  Davis v. Pak, 856 F.2d 648, 650 (4th Cir. 1988) (citing Hagans v. Lavine, 415 U.S. 528, 536, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1976)) (emphasis added); *see also* Baker v. Carr, 369 U.S. 186, 82 S. Ct. 691, 7 L. Ed. 2d 663 (1962) (if jurisdiction is based on a federal question, the plaintiff must show he has alleged a claim under federal law and that the claim is not frivolous).  In Hagans, the Supreme Court noted:  "Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly insubstantial, or no longer open to discussion.'"  415 U.S. at 536–37 (citations omitted).  While emphasizing that this insubstantiality threshold is a difficult one to meet, the Court concluded that the substantiality doctrine "remains the federal rule and needs no reexamination."  *Id.* at 538.  A complaint is frivolous "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).

Upon review of the complaint, the court concludes Plaintiff's allegations fail to support a basis for jurisdiction.  In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law.  Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001).  State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the States or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and that "the party charged with the deprivation must be a person who may fairly be said to be a state actor."  Patrick v. Floyd Med. Ctr., 201 F.3d 1313, 1315 (11th Cir. 2000).  This is a jurisdictional

prerequisite.  Nail v. Community Action Agency of Calhoun County, 805 F.2d 1500, 1501 (11th Cir.1986).  If the court concludes there is no state action, Plaintiff's complaint must be dismissed.  Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001).

Only in rare circumstances may a private party be viewed as a state actor for § 1983 purposes.  Rayburn, 241 F.3d at 1347.  To hold that private parties are state actors, the court must conclude that one of the following conditions is met:  (1) the state coerced or at least significantly encouraged the action alleged to violate the Constitution (state compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the state (public function test); or (3) the state had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test).  *Id.*

In the instant case, Plaintiff has failed to allege facts suggesting that Post 193, its Commander Mr. Holmes, or the cook/assistant manager are state actors.  *See* San Francisco Arts & Athletics, Inc. v. U.S. Olympic Committee, et al., 483 U.S. 522, 542–47, 107 S. Ct. 2971, 97 L. Ed. 2d 427 (1987) (United States Olympic Committee, a private corporation established under same federal law as American Legion, 36 U.S.C. § 1101, was not state actor to whom Fifth Amendment applied).  Therefore, Plaintiff's claims against these Defendants will be subject to dismissal unless Plaintiff alleges facts suggesting that they were acting under color of state law.

Furthermore, the facts alleged by Plaintiff do not suggest a plausible claim that Officer Johnson was acting under color of state law for § 1983 purposes, as Plaintiff does not allege facts suggesting signs of state authority, for example, Plaintiff does not allege that Officer Johnson was in uniform, displayed a badge, was being supervised by a police official, or was acting or required to act in compliance with PPD policies and procedures.  Indeed, the facts suggest that Officer Johnson was acting under the authority and supervision of Post 193 management, as indicated by the manager's comment that he paid Johnson to make sure his (the Post management's) will was carried out.  Unless Plaintiff alleges facts showing that Officer Johnson was acting under color of state law, his claims against Johnson and the Chief of Police will be subject to dismissal.

Finally, Plaintiff must state the relief he seeks, whether it be declaratory, injunctive, or monetary in nature.

If Plaintiff determines that he does not wish to proceed with this action, he should file with the court a notice of voluntary dismissal. If Plaintiff chooses to proceed with this action, he must file an amended complaint on the court approved form. *See* N.D. Fla. Loc. R. 5.1(J). Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the conduct of which Plaintiff complains. Plaintiff should clearly describe the basis for liability as to each named Defendant, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times. If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person or entity as a Defendant from his complaint. In the section entitled "Statement of Claims," Plaintiff must state what rights or statutes he contends have been violated, and he must provide support in the statement of facts for the claimed violations. Finally, in the "Relief Requested"section, Plaintiff should briefly state the relief he seeks from the court. Plaintiff is advised that once an amended complaint is filed, all earlier complaints and filings are disregarded. N.D. Fla. Loc. R. 15.1.

Accordingly, it is **ORDERED**:

1. The clerk of court shall send Plaintiff a civil complaint form for use by non-prisoners. This case number shall be written on the form.

2. Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file an amended complaint as directed in this order. Alternatively, he shall file a notice of voluntary dismissal.

3. Failure to respond to this order as instructed will result in a recommendation of dismissal of this action.

**DONE AND ORDERED** this 3rd day of December 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**