IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LESLIE ROBINSON,
    Plaintiff,

vs.                                  Case No.: 3:07cv435/MCR/EMT

AMERICAN LEGION POST 193, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This cause is before the court on Plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 10).  The filing fee has been paid.  Upon review of the pleadings, the court concludes that Plaintiff has failed to establish a jurisdictional basis for this action; therefore, this case should be dismissed.

    The court liberally construes Plaintiff's complaint as naming six Defendants in this action: American Legion Post 193 (Post 193); Joe Holmes, Commander of Post 193; W.T. Mallard, the assistant manager of Post 193; Officer Johnson, an officer with the Pensacola Police Department (PPD); the PPD; and Mike Matthews, the Chief of Police (Doc. 10 at 1, 2).  Plaintiff states he was a captain in the Army and is now a disabled veteran (*id*. at 4).  He alleges that on one occasion when he was at Post 193, he told Officer Johnson, who was wearing a police uniform and badge, had driven a police car to Post 193, and had not actually "clocked out" at the PPD, that the size of the crowd in Post 193 violated the fire code (*id*. at 2–4).  Officer Johnson reported Plaintiff's comment to the assistant manager, Mr. Mallard, and Mr. Mallard told Officer Johnson to bring the man who made the comment outside so he could see who it was (*id*.).  Officer Johnson then asked Plaintiff to step outside to talk, and Plaintiff followed him outside (*id*.).  When they got outside, Mr. Mallard told Plaintiff that he (Mallard) figured it was Plaintiff who made the comment and told Plaintiff he

was barred from returning to Post 193 (*id*.). When Plaintiff asked Officer Johnson why he was barred, Officer Johnson responded that the man who paid him said so (*id*.). Plaintiff told Officer Johnson that it was his duty to protect and serve the public and uphold the law, but Officer Johnson laughed and said he was paid by Mr. Mallard (*id*. at 3–4). Plaintiff then learned that it was common for officers to work as private security guards and use police cars when they were "off the clock" at the PPD (*id*. at 4). Plaintiff claims that Defendants' conduct caused him emotional pain and suffering (*id*.). As relief, he seeks $55,000.00 from each Defendant (*id*.).

Subject-matter jurisdiction in federal court may be found under either 28 U.S.C. § 1331, federal question, or 28 U.S.C. § 1332, diversity. For federal question jurisdiction, Plaintiff must allege a violation of his constitutional rights or a right created under a federal law. 28 U.S.C. § 1331. For diversity jurisdiction, Plaintiff must allege that he and Defendants are citizens of different states and that the matter in controversy exceeds $75,000.00. 28 U.S.C. § 1332. In the instant case, Plaintiff appears to be proceeding under federal question jurisdiction pursuant to 42 U.S.C. § 1983, as he does not allege that he and Defendants are citizens of different states.

The Supreme Court "has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." Hagans v. Lavine, 415 U.S. 528, 536–37, 94 S. Ct. 1372, 1378–79, 39 L. Ed. 2d 577 (1974) (citations and quotations omitted). Under this standard, "federal subject matter jurisdiction exists where the right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another." Barnett v. Bailey, 956 F.2d 1036 1041 (11th Cir. 1992) (quotations omitted). "Dismissal for want of jurisdiction is appropriate only if the federal claim is frivolous or a mere matter of form." Davis v. Cluet, Peabody & Co., 667 F.2d 1371, 1373 n.7 (11th Cir.1982) (quotations omitted). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).

Case No: 3:07cv435/MCR/EMT

The mere assertion of a federal claim is not sufficient to obtain jurisdiction under 28 U.S.C. § 1331. "Federal jurisdiction requires that a party assert a substantial federal claim. Davis v. Pak, 856 F.2d 648, 650 (4th Cir. 1988) (citing Hagans, 415 U.S. at 536) (emphasis added); *see also* Baker v. Carr, 369 U.S. 186, 82 S. Ct. 691, 7 L. Ed. 2d 663 (1962) (if jurisdiction is based on a federal question, the plaintiff must show he has alleged a claim under federal law and that the claim is not frivolous).

A federal court must dismiss a case whenever it appears the court lacks subject matter jurisdiction. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999) (citations omitted); Tylon v. Kloak, 98 Fed. Appx. 511, 2004 WL 729173, at **1 (7th Cir. 2004). The absence of jurisdiction may be raised at any time during the case, and may be based on the court's review of the evidence. Lovern, 190 F.3d at 653 (citations omitted). Addressing jurisdictional issues at the outset of the litigation is often the most efficient procedure. *Id.* (citations omitted). A district court may address its lack of subject matter jurisdiction in two ways: the court may find insufficient allegations in the pleading, viewing the alleged facts in the light most favorable to Plaintiff, similar to an evaluation pursuant to Rule 12(b)(6), or, after an evidentiary hearing, the court may weigh the evidence in determining whether the facts support the jurisdictional allegations. *Id.* (citations omitted). The burden is on the party asserting jurisdiction to demonstrate that jurisdiction in fact exists. *Id.* at 654 (citing Thomas v. Gaskill, 315 U.S. 442, 446, 62 S. Ct. 673, 86 L. Ed. 2d 951 (1942)).

Upon review of the complaint, the court concludes Plaintiff's allegations fail to support a basis for jurisdiction as to Defendants Post 193, Joe Holmes, and W.T. Mallard. In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law. Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the States or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." Patrick v. Floyd Med. Ctr., 201 F.3d 1313, 1315 (11th Cir. 2000). State action is a jurisdictional prerequisite. Nail v. Community Action Agency of Calhoun County, 805 F.2d 1500, 1501 (11th Cir.1986). If the court concludes there is no state action, Plaintiff's complaint must be dismissed. Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001).

Only in rare circumstances may a private party be viewed as a state actor for § 1983 purposes. Rayburn, 241 F.3d at 1347.  To hold that private parties are state actors, the court must conclude that one of the following conditions is met:  (1) the state coerced or at least significantly encouraged the action alleged to violate the Constitution (state compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the state (public function test); or (3) the state had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test).  *Id.*

In the instant case, Plaintiff's § 1983 claims against Post 193, its Commander Mr. Holmes, and the assistant manager, Mr. Mallard, are frivolous because there is no basis for deeming them state actors.  *See* San Francisco Arts & Athletics, Inc. v. U.S. Olympic Committee, et al., 483 U.S. 522, 542–47, 107 S. Ct. 2971, 97 L. Ed. 2d 427 (1987) (United States Olympic Committee, a private corporation established under same federal law as American Legion, 36 U.S.C. § 1101, was not state actor to whom Fifth Amendment applied).  Therefore, Plaintiff's § 1983 claims against these private actors should be dismissed for lack of jurisdiction.

Furthermore, Plaintiff's claim against Officer Johnson is frivolous, as he is attempting to hold Officer Johnson liable for Mr. Ballard's decision to ban Plaintiff from Post 193.  Plaintiff states that it was Mr. Mallard, not Officer Johnson, who made and communicated the decision to ban him from Post 193 due to his comment about the fire code violation.  The fact that Officer Johnson facilitated the meeting between Plaintiff and Mr. Mallard and maintained security while Mr. Mallard communicated his decision to Plaintiff, a customer whose presence Mr. Mallard no longer desired in the establishment, does not resemble a constitutional violation by a state actor.  Because Plaintiff's allegations fail to state an arguable basis in law or fact for holding Officer Johnson liable for Mr. Ballard's conduct in banning Plaintiff from Post 193, Plaintiff's claim against Officer Johnson is frivolous and should be dismissed for lack of jurisdiction.  *See* Cotton v. Burgess, 188 Fed. Appx. 964, 965–66 (11th Cir. 2006) (affirming district court's sua sponte dismissal for lack of jurisdiction over Plaintiff's § 1983 cause of action because Plaintiff's claims were frivolous).

Additionally, there is no arguable basis in law or fact for holding the Pensacola Police Department or Chief Matthews liable.  "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of

respondeat superior or vicarious liability." <u>Cottone v. Jenne</u>, 326 F.3d 1352, 1360 (11th Cir.2003) (quotations omitted); *see also* <u>Tittle v. Jefferson County Com'n</u>, 10 F.3d 1535, 1542 (11th Cir. 1994) (knowledge imputed to the supervisor "must be so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights."); <u>Snow ex rel. Snow v. City of Citronelle, Ala.</u>, 420 F.3d 1262, 1271 (11th Cir. 2005) (to hold the municipality liable, there must be "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.") (quoting <u>City of Canton v. Harris</u>, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989)). In the instant case, because Plaintiff's claims against the PPD and Chief Matthews are derivative of his claims against Officer Johnson, they are also frivolous. Therefore, Plaintiff's claims against Chief Matthews and the PPD should also be dismissed for lack of jurisdiction.

Accordingly it is respectfully **RECOMMENDED**:

That this action be **DISMISSED** for lack of jurisdiction and the clerk directed to close the file.

At Pensacola, Florida, this <u>4th</u> day of January 2008.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**